IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| SHELLY PARKER, | ) | Case No. |
|     212 14th Place, N.E. | ) | |
|     Washington, DC 20002 | ) | **COMPLAINT** |
| | ) | |
| DICK ANTHONY HELLER, | ) | |
|     263 Kentucky Avenue, S.E. | ) | |
|     Washington, DC 20003 | ) | |
| | ) | |
| TOM G. PALMER, | ) | |
|     1935 17th Street, N.W., Apt. 2 | ) | |
|     Washington, DC 20009 | ) | |
| | ) | |
| GILLIAN ST. LAWRENCE, | ) | |
|     3100 N Street, N.W., Apt. 5 | ) | |
|     Washington, DC 20007 | ) | |
| | ) | |
| TRACEY AMBEAU, | ) | |
|     76 Seaton Place, N.W. | ) | |
|     Washington, DC 20001 | ) | |
| | ) | |
|     and | ) | |
| | ) | |
| GEORGE LYON, | ) | |
|     1929 Biltmore Court, N.W. | ) | |
|     Washington, DC 20009 | ) | |
| | ) | |
|         Plaintiffs, | ) | |
| | ) | |
|         v. | ) | |
| | ) | |
| DISTRICT OF COLUMBIA, | ) | |
|     Serve: Mayor Anthony Williams | ) | |
|     c/o Office of Corporation Counsel | ) | |
|     1 Judiciary Square | ) | |
|     441 4th Street, N.W., 6th Fl. South | ) | |
|     Washington, D.C. 20001 | ) | |
| | ) | |
|     and | ) | |

ANTHONY WILLIAMS,                                    )
      1350 Pennsylvania Avenue, N.W.        )
      Washington, DC 20004                   )
                                     )
           Defendants.                        )
_____)

## COMPLAINT

**COME NOW** the Plaintiffs, Shelly Parker, Dick Anthony Heller, Tom G. Palmer, Gillian St. Lawrence, Tracey Ambeau, and George Lyon, by and through undersigned counsel, and complain of the defendants as follows:

## THE PARTIES

1.     Plaintiff Shelly Parker is a natural person and a citizen of the United States and of the District of Columbia.  Ms. Parker resides in a high-crime neighborhood and is active in community affairs.  As a consequence of trying to make her neighborhood a better place to live, Ms. Parker has been threatened by drug dealers.  Ms. Parker presently intends to possess a functional handgun within her home for self-defense, but is prevented from doing so only by defendants' active enforcement of unconstitutional policies complained of in this action.  Ms. Parker fears arrest, criminal prosecution, incarceration, and fine if she were to possess a functional handgun within her home.

2.     Plaintiff Dick Anthony Heller is a natural person and a citizen of the United States and of the District of Columbia.  Mr. Heller resides in a high-crime neighborhood and is a Special Police Officer of defendant District of Columbia.  As a Special Police Officer, Mr. Heller is licensed to and does carry a handgun in the course of his employment at the Thurgood

2

Marshall Judicial Center in Washington, D.C., providing security for the federal judiciary.  Mr. Heller lawfully owns various firearms located outside the District of Columbia, including handguns and long guns, and presently intends to possess a functional handgun and long gun for self-defense within his own home, but is prevented from doing so only by defendants' active enforcement of unconstitutional policies complained of in this action.  Mr. Heller applied to defendant District of Columbia for permission to possess a handgun within his home but was refused.  Mr. Heller fears arrest, criminal prosecution, incarceration, and fine if he were to possess a functional handgun and/or long gun within his home.

3.     Plaintiff Tom G. Palmer is a natural person and a citizen of the United States and of the District of Columbia.  A gay man, Mr. Palmer has been assaulted on account of his sexual orientation and successfully warded off the assault with a handgun.  Mr. Palmer lawfully owns various firearms located outside the District of Columbia, including handguns and long guns, and presently intends to possess a functional handgun and long gun for self-defense within his own home, but is prevented from doing so only by defendants' active enforcement of unconstitutional policies complained of in this action.  Mr. Palmer fears arrest, criminal prosecution, incarceration, and fine if he were to possess a functional handgun and/or long gun within his home.

4.     Plaintiff Gillian St. Lawrence is a natural person and a citizen of the United States and of the District of Columbia.  Ms. St. Lawrence lawfully owns a registered long gun, specifically, a shotgun, at her home in the District of Columbia.  Ms. St Lawrence presently intends to keep the shotgun assembled and unlocked, and presently intends to use the gun if necessary in lawful self-defense within her home, but is prevented by defendants' active

enforcement of unconstitutional policies from rendering the gun useful and from ever using the gun in lawful self-defense within the home as otherwise permitted by District of Columbia law. Ms. St. Lawrence fears arrest, criminal prosecution, incarceration, and fine if she were to render her gun operational and/or use the gun within her home for self-defense.

5.      Plaintiff Tracey Ambeau is a natural person and a citizen of the United States and of the District of Columbia.  Ms. Ambeau would like to possess a functional handgun for self-defense within her own home, but is prevented from doing so only by defendants' active enforcement of unconstitutional policies complained of in this action.  Ms. Ambeau fears arrest, criminal prosecution, incarceration, and fine if she were to possess a functional handgun within her home.

6.      Plaintiff George Lyon is a natural person and a citizen of the United States and of the District of Columbia.  Mr. Lyon lawfully owns various firearms located outside the District of Columbia, including handguns and long guns, and would like to possess a functional handgun and long gun for self-defense within his own home, but is prevented from doing so only by defendants' active enforcement of unconstitutional policies complained of in this action.  Mr. Lyon fears arrest, criminal prosecution, incarceration, and fine if he were to possess a functional handgun and/or long gun within his home.

7.      Defendant District of Columbia is a municipal entity organized under the Constitution and laws of the United States.

4

8.      Defendant Anthony Williams is the Mayor of the District of Columbia, and as such is responsible for executing and administering the District of Columbia's laws, customs, practices, and policies.  In that capacity, Mr. Williams is presently enforcing the unconstitutional laws, customs, practices and policies complained of in this action, and is sued in both his individual and official capacities.

JURISDICTION AND VENUE

9.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1343, 2201, 2202 and 42 U.S.C. § 1983.

10.     Venue lies in this Court pursuant to 28 U.S.C. § 1391.

STATEMENT OF FACTS

11.     The Second Amendment to the United States Constitution provides: "A well regulated Militia being necessary to the security of a free State, the right of the people to keep and bear Arms shall not be infringed."

12.     At a minimum, the Second Amendment guarantees individuals a fundamental right to possess a functional, personal firearm, such as a handgun or ordinary long gun (shotgun or rifle) within the home.   Defendants currently maintain and actively enforce a set of laws, customs, practices, and policies which operate to deprive individuals, including the plaintiffs, of this important right.  Any such exercise of their Second Amendment rights would subject plaintiffs to criminal prosecution, and would lead to incarceration and/or fine.

13.     D.C. Code § 7-2502.01(a) provides that "no person or organization in the District shall possess or control any firearm, unless the person or organization holds a valid registration certificate for the firearm."

14.     Although registration certificates are available for certain long arms, such as ordinary rifles and shotguns, D.C. Code § 7-2502.02(a) provides in pertinent part, "A registration certificate shall not be issued for a . . . (4) Pistol not validly registered to the current registrant in the District prior to September 24, 1976." "'Pistol' means any firearm originally designed to be fired by use of a single hand."  D.C. Code § 7-2501.01(12).

15.     Accordingly, defendants maintain a complete ban on the home ownership and possession of handguns by private citizens (non-law enforcement officers) who did not register a handgun prior to September 24, 1976.

16.     D.C. Code § 7-2507.02 provides:

Except for law enforcement personnel described in § 7-2502.01(b)(1), each registrant shall keep any firearm in his possession unloaded and disassembled or bound by a trigger lock or similar device unless such firearm is kept at his place of business, or while being used for lawful recreational purposes within the District of Columbia.

17.     Accordingly, defendants prohibit the possession of lawfully owned firearms for self-defense within the home, even in instances where self-defense would be lawful by other means under District of Columbia law.  Indeed, the prohibition on the possession of firearms extends so far as to deprive a licensed firearms dealer from keeping firearms "for such person's private use or protection, or for the protection of his business."  D.C. Code § 7-2502.01(b)(2)(C).

18.     A first violation of the District of Columbia's ban on the ownership or possession of handguns or other functional firearms within the home for lawful purposes is punishable as a misdemeanor by a fine of up to $1,000, imprisonment of up to one year, or both.  A second offense is punishable as a felony by a fine of up to $5,000, imprisonment of up to five years, or both, in the case of a handgun or other non-registerable firearm.  D.C. Code § 7-2507.06.

19.     Even the movement of a handgun from one location to another on one's property carries a criminal penalty.  Former D.C. Code § 22-3204 (emphasis added) provided:

> No person shall within the District of Columbia carry either openly or concealed on or about his person, <u>except in his dwelling house or place of business or on other land possessed by him,</u> a pistol, without a license therefor issued as hereinafter provided . . .

However, defendants now maintain and actively enforce D.C. Code § 22-4504, which provides:

> (a)     No person shall carry within the District of Columbia either openly or concealed on or about their person, a pistol, without a license issued pursuant to District of Columbia law . . .  Whoever violates this section shall be punished as provided in § 22-4515, except that:
>
> (1)     A person who violates this section by carrying a pistol, without a license issued pursuant to District of Columbia law, or any deadly or dangerous weapon, in a place other than the person's dwelling place, place of business, or on other land possessed by the person, shall be fined not more than $ 5,000 or imprisoned for not more than 5 years, or both;

20.     Thus, while the penalty for carrying a handgun in public is five years imprisonment and/or $5,000, any person who carries a handgun on his or her own property is subject to one year imprisonment and/or a fine of $1,000 as set forth in D.C. Code § 22-4515 – even if the handgun could be legally registered.  Licenses to carry a handgun are rarely, if ever, issued to private citizens (non-law enforcement officers).

7

**FIRST CAUSE OF ACTION**
**U.S. CONST., AMEND. II, 42 U.S.C. § 1983**
**AGAINST ALL DEFENDANTS**

21.     Paragraphs 1 through 20 are incorporated as though fully stated herein.

22.     By maintaining and enforcing a set of laws banning the private ownership and possession of handguns and functional firearms within the home, forbidding otherwise lawful self-defense usage of arms, and forbidding the movement of a handgun on an individual's property, defendants are propagating customs, policies, and practices that violate the plaintiffs' individual rights under the Second Amendment to the United States Constitution, damaging plaintiffs in violation of 42 U.S.C. § 1983. Plaintiffs are therefore entitled to permanent injunctive relief against such customs, policies, and practices.

**SECOND CAUSE OF ACTION**
**DECLARATORY JUDGMENT ACT, 28 U.S.C. §§ 2201, 2202**
**AGAINST ALL DEFENDANTS**

23.     Paragraphs 1 through 22 are incorporated as though fully stated herein.

24.     Plaintiffs are entitled to declaratory relief holding that by maintaining and enforcing a set of laws banning the private ownership and possession of handguns and functional firearms within the home, forbidding otherwise lawful self-defense usage of arms, and forbidding the movement of a handgun on an individual's property, defendants are violating the plaintiffs' individual rights under the Second Amendment to the United States Constitution. Plaintiffs are therefore further entitled to injunctive relief barring continued enforcement and maintenance of defendants' unconstitutional customs, policies, and practices.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs request that judgment be entered in their favor and against defendants as follows:

ON THE FIRST AND SECOND CAUSES OF ACTION:

1.      An order permanently enjoining defendants, their officers, agents, servants, employees, and all persons in active concert or participation with them who receive actual notice of the injunction, from enforcing D.C. Code § 7-2502.02(a)(4), barring registration of handguns; permanently enjoining defendants from enforcing D.C. Code § 7-2507.02 in such a manner as to bar the possession of functional firearms within the home or on possessed land; and permanently enjoining defendants from enforcing D.C. Code §§ 22-4504 and 4515 in such a manner as to forbid the carrying of a firearm within one's home or possessed land without a license.

ON THE FIRST CAUSE OF ACTION:

2.      Attorney Fees and Costs pursuant to 42 U.S.C. § 1988;

ON THE SECOND CAUSE OF ACTION:

3.      Declaratory relief consistent with the injunction;

ON ALL CAUSES OF ACTION:

4.      Costs of suit; and

5.      Any other further relief as the Court deems just and appropriate.

Dated: February 10, 2003

                                        Respectfully Submitted,

                                        Alan Gura (D.C. Bar No. 453449)
                                        Gura & Day, LLC
                                        Robert A. Levy (D.C. Bar No. 447137)
                                        Clark M. Neily, III (D.C. Bar No. 475926)
                                        1717 K Street, N.W., Suite 600
                                        Washington, D.C. 20036
                                        Phone: 202.550.8777
                                        Fax:    202.318.4512


                              By:   _____
                                    Alan Gura

                                    Attorneys for Plaintiffs