UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PARKER, *et al.* ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Civil Action No. 03-213 (EGS) |
| v, ) | |
| ) | |
| THE DISTRICT OF COLUMBIA, ) | |
| *et al.*, . ) | |
| ) | |
| Defendants ) | |
| _____) | |

DEFENDANTS' MOTION TO ENLARGE THE TIME *NUNC PRO TUNC* WITHIN WHICH THEY MAY OPPOSE PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AND REPLY TO PLAINTIFFS' OPPOSITION TO THE DEFENDANTS' MOTION TO DISMISS

NOW COME Defendants, by and through counsel the Corporation Counsel of the District of Columbia, and ask the Court to enlarge the time within which they may oppose plaintiffs' motion for summary judgment and reply to plaintiffs' opposition to the defendants' motion to dismiss. The reasons for this request are set forth below and in the memorandum in support of this motion. Because this matter is part of the Court's electronic filing program, and because through inadvertent neglect, as discussed in the accompanying memorandum, no attorney in the Corporation Counsel's Office received notice of plaintiffs' filing, no timely response was made to plaintiffs' dispositive motion.

The undersigned has discussed this request with plaintiffs' counsel pursuant to Local Rule 7.1(m), and he declines to consent.

WHEREFORE, defendants request that the Court enlarge the time within which it may file an opposition to plaintiffs' motion for summary judgment and to reply to plaintiffs' opposition to the defendants motion to dismiss.

Respectfully submitted,

ARABELLA W. TEAL
Interim Corporation Counsel, D.C.


JOHN C. GREENHAUGH
Senior Deputy Corporation Counsel
Torts & Equity


<u>/s/ Robert C. Utiger            /s/</u>
ROBERT C. UTIGER [437130]
Deputy Corporation Counsel
Equity Division
P.O. Box 14600
Washington, D.C. 20001
(202) 724-6532

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PARKER, *et al.* ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Civil Action No. 03-213 (EGS) |
| v, ) | |
| ) | |
| THE DISTRICT OF COLUMBIA, ) | |
| *et al.*, . ) | |
| ) | |
| Defendants ) | |
| _____) | |

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANTS' MOTION TO ENLARGE THE TIME *NUNC PRO TUNC* WITHIN
WHICH THEY MAY OPPOSE PLAINTIFFS MOTION FOR SUMMARY
JUDGMENT

Plaintiffs' filed this action on February 10, 2003, mounting a constitutional challenge to the District of Columbia's gun control laws as violative of the Second Amendment to the United States Constitution. The case was assigned to Assistant Corporation Counsel Jonathan Potter, who filed a motion to dismiss the compliant on March 3, 2003.  A few days latter, Mr. Potter left the Office of Corporation Counsel and began work for the U.S. Attorney for the Northern District of Indiana.  On March 14, 2003 the plaintiffs filed an opposition to the Defendants motion and a motion for summary judgment.  These two filings setting forth well over 50 pages of argument.  For the reasons set forth below, the Defendants did not timely file an opposition to plaintiffs' motion for summary judgment nor did they file a reply to plaintiffs' opposition to the Defendants motion to dismiss.

This case was assigned to the Court's electronic filing program.  As such, the parties get notification of filings and access documents through the Internet.

Unfortunately, due to inadvertent neglect, no attorney from the Office of Corporation Counsel entered an electronic appearance in this case when Mr. Potter left.  The result was no one at the Corporation Counsel's received notification of plaintiffs' March 14th filings.  This error was the result of the undersigns inattention, for which he apologizes.  That said, under the circumstances of this case, a 60-day enlargement to allow the defendants to adequately respond to plaintiffs' arguments is fully warranted.

## AN ENLARGEMENT IS CLEARLY WARRANTED

This is not a case seeking mere money damages.  Plaintiffs' seek to have the determination of the Districts' elected government that sound public policy requires that the possession of firearms in the District of Columbia be strictly controlled overturned as unconstitutional under the Second Amendment.  This is an issue of extreme importance to the public and should be decided based on a thorough examination of the issues.

F.R.Civ.P. 6(b)(2) allows the Court to enlarge the times set forth in LCvR 7.1(b) to file opposition and reply briefs, *nunc pro tunc,* if the failure to timely file such briefs was the result of excusable neglect.  As set-forth above, while unfortunate, the defendants' failure to timely file the above briefs or move for additional time, was clearly the result of such excusable neglect, and was not the result of a flagrant disregard for this Court's rules.  In addition, granting the defendants motion clearly furthers the Court's "judicial preference for adjudication on the merits."  *Oberstar v Federal Deposit Insurance Corp.,* 987 F.2d 494, 504 (8th Cir. 1993).  *See also, Asia N.A.M. Eastbound Rate Agreement v. BJI Industries Inc.,* 900 F. Supp. 507, 511 (DD.C. 1995) *supplemented on other gds.,* 923 F.Supp. 4 (D.D.C. 1996).  Indeed, denying the defendants the opportunity to oppose plaintiffs' summary judgement motion would result in the

4

equivalent of a procedural default, a result that should stand under only the most extreme of circumstances.[1]

## AN ENLARGEMENT OF 60 DAYS IS WARRANTED

Even a cursory review of plaintiffs' opposition to the District's motion to dismiss and memorandum in support of their motion for summary judgment, reveals that plaintiffs' counsel has been researching and crafting argument on the central issue in this case for months if not years. Counsel for the defendants have not had this opportunity. Litigating this case requires analysis that goes well beyond the legal research sufficient to argue most legal issues and encompasses 200 years of historical materials and debate. Given the importance of the issue presented, fact that both parties are of the opinion that this matter will be decided on the papers, and that the issue will undoubtedly be presented to the District of Columbia Circuit on appeal, the issues should be thoroughly briefed. Sixty days to do so is more than reasonable.

        Respectfully submitted,

        ARABELLA W. TEAL
        Interim Corporation Counsel, D.C.

        JOHN C. GREENHAUGH
        Senior Deputy Corporation Counsel
        Torts & Equity

---

[1] Rule 55(c) of the federal rules of civil Procedure permits this Court to set aside an "entry of default" upon a showing of "good cause."  It is long settled that Fed.R.Civ.P. 55(c) should be given a liberal construction. *Barber v. Turberville*, 218 F.2d 34, 36 (D.C.Cir. 1954); *Tolson v. Hodge*, 411 F.2d 123, 130 (4th Cir. 1969); *Consolidated Gas & Equipment Co. v. Carver*, 257 F.2d 111, 114-115 (10th Cir. 1958) Any doubts as to whether relief should be granted from a default are to be resolved in favor of granting such relief. *Tolson* at 130.  As this Court has held, "[I]n deciding whether to set aside a default or default judgment the record must be construed in the light most favorable to the moving party." *Asia N.A.M. Eastbound Rate Agreement v. BJI Industries Inc.,* 900 F. Supp. 507, 511 (DD.C. 1995) *supplemented on other gds.,* 923 F.Supp. 4 (D.D.C. 1996), *citing Jackson v. Beech*, 636 F.2d 831 (D.C.Cir 1980).

<u>/s/ Robert C. Utiger /s/</u>
ROBERT C. UTIGER [437130]
Deputy Corporation Counsel
Equity Division
P.O. Box 14600
Washington, D.C. 20001
(202) 724-6532

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PARKER, *et al.* )<br>)<br>    Plaintiffs, )<br>)<br>v, )<br>)<br>THE DISTRICT OF COLUMBIA, )<br>*et al.*,                              . )<br>)<br>    Defendants )<br>_____) | Civil Action No. 03-213 (EGS) |

ORDER

This matter is before the Court on Defendants' motion to enlarge the time *nunc pro tunc* within which they may file an opposition to plaintiffs' motion for summary judgment and a reply to plaintiffs' opposition to defendants motion to dismiss. After careful review of defendants motion, the memorandum in support, the opposition thereto, and the entire record herein it is this _____ day of April, 2003

**ORDERED,** that defendants' motion is hereby **granted** and it is

**FURTHER ORDERED** the defendants shall have to and including June 3, 2003 to file an opposition to plaintiffs' motion for summary judgment and a reply to plaintiffs' opposition to the defendants motion to dismiss.

_____
Emmet G. Sullivan
United States District Judge