UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHELLY PARKER, *et al.* ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No.03-0213 (EGS) |
| ) | |
| DISTRICT OF COLUMBIA, *et al.*, ) | |
| ) | |
| Defendants. ) | |

### DECLARATION OF DANIEL A. REZNECK

Pursuant to 28 U.S.C. § 1746, I, Daniel A. Rezneck, declare and state as follows:

1. I am over the age of eighteen (18) years, competent to testify to the matters contained herein, and testify based on my personal knowledge and information.

2. I am a Senior Assistant Attorney General for the District of Columbia. I have been a member of the Bar of this Court since 1961. I make this Declaration in response to the fee application made by plaintiff Heller's counsel in this case. A copy of my resume is attached.

3. I graduated from Harvard Law School in 1959. After a year as a research assistant to Prof. Paul A. Freund of Harvard, working on the history of the U.S. Supreme Court, I clerked for Justice William J. Brennan, Jr., of the Supreme Court from 1960–1961. Following my clerkship, I was an Assistant U.S. Attorney for the District of Columbia from 1961 to 1964, where I briefed and argued more than 20 appeals in the U.S. Court of Appeals for the District of Columbia Circuit and the District of Columbia Court of Appeals.

4. I then joined Arnold and Porter in 1964 and became a partner in 1969. While at Arnold & Porter, I briefed and argued three cases in the U.S. Supreme Court. I worked on numerous petitions and briefs in other cases in the Supreme Court. I also briefed and argued a

number of cases in the U.S. Court of Appeals for the D.C. Circuit and wrote briefs in a number of other circuit courts.

5. In 1995 I became General Counsel for the District of Columbia Financial Responsibility and Management Assistance Authority (D.C. Financial Control Board). I served until 2001. While at the Control Board, I briefed and argued many cases in this Court and the U.S. Court of Appeals for the D.C. Circuit.

6. I have been with the Office of the Attorney General for the District of Columbia since 2001. I have briefed and argued many cases in this Court, the D.C. Court of Appeals, and the Superior Court, and briefed several cases in the U.S. Court of Appeals for the D.C. Circuit.

7. I am familiar with the standards governing the award of attorneys' fees in this jurisdiction. I was counsel to the fee applicant in *Laffey v. Northwest Airlines,* 572 F.Supp. 354 (D.D.C. 1983), *affirmed in part and reversed in part*, 746 F.2d 4 (D.C. Cir. 1984), in both this Court and the U.S. Court of Appeals for the D.C. Circuit. Since *Laffey*, I have given numerous affidavits in support of fee applications based on the matrix of rates established in that case.

8. I testified as an expert witness on attorneys' fees in the Superior Court in the case of *Ginberg v. Tauber*, 678 A.2d 543 (D.C. 1996). In that case the applicant sought $3.5 million in attorneys' fees. Based on my review of the applicant's time logs, the pleadings, files and record in the case, and discovery materials, I testified that the applicant was entitled, under a proper application of the lodestar method, to approximately $350,000. The trial court awarded the applicant a fee of $389,788.75, and the D.C. Court of Appeals affirmed, "Based on the expert testimony presented and an independent determination by the trial court." 678 A.2d at 552.

9. I have examined the fee application in the present case, including the Declaration of Alan Gura. I am familiar with the litigation, since I was counsel for the defendants in this Court,

and followed the course of the litigation in the U.S. Court of Appeals for the D.C. Circuit and the U.S. Supreme Court.

10. It is my professional opinion that the fee application overstates the amount to which the fee applicants are entitled, under the standards for the award of attorneys' fees in this jurisdiction. This is so in several respects. Recovery is sought for time spent litigating unsuccessful claims, which is not compensable under *Copeland v. Marshall*, 641 F.2d 880, 891-892 (D.C. Cir. 1980) (*en banc*); for time spent litigating unsuccessfully on various motions; for excessive time in briefing and preparing for argument in the case both in the U.S. Court of Appeals for the D.C. Circuit and the U.S. Supreme Court, and for other time which is not compensable.

11. Specifically: Plaintiff claims compensation for 102.8 hours on his cross-petition for certiorari and the reply on that petition, on which he was unsuccessful. (Gura, 56.3 hours (5/18-9/10/07, including 1.1 hours on standing, 3/11-3/12/07); Neilly, 27.3 hours (5/20-5/21/07, 7/20-9/7/07, 10/13-10/22/07); Levy, 19.2 hours ((7/20-7/25/07, 8/11-9/9/07, 10/19-10/22/07)).

12. Plaintiff claims compensation for 2.5 hours on a claim under the Ninth Amendment, on which he was unsuccessful. (Gura, 12/20-12/30/02).

13. Plaintiff claims compensation for 13.2 hours in opposing a motion by the District to extend time in this Court, which was granted. (Gura (4/8-4/14/03).

14. Plaintiff claims compensation for 9.4 hours in opposing participation by *amicus* in this Court, which was granted. (Gura (7/25-18/14/03)).

15. Plaintiff claims compensation for 14.1 hours in opposing a motion by the District to extend its time to file a *certiorari* petition, which was granted. (Gura, 8.4 (7/16-7/19/07); Neilly, 2.5 (7/16-7/17/07); Levy, 3.2 (7/16-7/17/07)).

16. Plaintiff claims compensation for 23.7 hours in support of a motion to lift the stay of the U.S. Court of Appeals mandate, which was denied. (Gura, 16.7 (9/8-9/24/07); Neilly 5.5 (9/8-9/24/07); Huff, 1.5 (9/25/07)).

17. Plaintiff claims compensation for 83 hours on a motion to recuse counsel for Seegars in the related case in this Court and to oppose consolidation of the two cases; the District took no position on these issues. (Gura, 39.9 (4/15-7/9/03); Neilly, 21.3 (4/4-5/22/03); Levy, 21.8 (4/3-7/9/03)).

18. Plaintiff claims compensation for some 133 hours for counsel Gura alone for researching and drafting his brief in the U.S. Court of Appeals (1/4/06–5/16/06). That is more than three work weeks of 40 hours. In my professional judgment, that time was excessive, especially in view of the extensive research and drafting plaintiff's counsel had done in this Court (and the contributions of other counsel).

19. Plaintiff claims compensation for some 55.3 hours in preparation for and attendance at moot court, and in preparation for oral argument, before the U.S. Court of Appeals (Gura, 9/26/06–12/06/06). In my professional judgment, that time was excessive.

20. Plaintiff claims compensation for more than 300 hours for research and drafting of the brief on the merits in the Supreme Court, for counsel Gura alone (11/24/07–2/3/08). That amounts to more than seven full work weeks, on a case in which counsel had previously researched and drafted briefs extensively in the two lower courts for which they also seek compensation. In my professional judgment, that amount of time was excessive.

21. Plaintiff claims compensation for over 100 hours in preparation for argument in the U.S. Supreme Court (Gura, 2/5/08–3/17/08). That is over two full work weeks. In my

- 5 -

professional judgment, that time was excessive, even when allowance is made for the importance and complexity of the case.

22. Plaintiff claims compensation for 11.5 hours for the time of three lawyers to attend the announcement of the decision in the Supreme Court. In my professional judgment, that time was excessive.

This declaration consists of 22 numbered paragraphs on five (5) pages. I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 30, 2008.        /s/ Daniel A. Rezneck
                                       DANIEL A. REZNECK