UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SHELLY PARKER, *et al.*

Plaintiffs,

v.

DISTRICT OF COLUMBIA, *et al.*,

Defendants.

Civil Action No.03-0213 (EGS)

NOTICE OF INTENT TO RELY ON ADDITIONAL AUTHORITY AND ARGUMENTS

In addition to the authority cited and arguments set forth in Defendants' Opposition to Plaintiff Heller's Motion for Attorney Fees and Costs, the defendants ("the District") hereby notify the Court and plaintiffs of their intent to rely on the following additional authority at the hearing scheduled in this matter for 10:00 a.m., December 10, 2010:

1. *Griffin v. Washington Convention Center*, 172 F. Supp. 2d 193 (D.D.C. 2001)
2. Randy E. Barnett, Don E. Kates, *Under Fire: The New Consensus on the Second Amendment*, 45 Emory L.J. 1139 (1996). In addition to the articles and sources referred to on pages 22 and 23 of the District's opposition, this article will be relied on to support arguments made on those same pages to demonstrate the similarity between plaintiff's substantive arguments in this case and the arguments found in prior precedent and scholarly literature.

Additional preparation for the hearing has revealed that plaintiff is not entitled to reimbursement for certain additional hours and expenses claimed. Thus, in addition to the points discussed in the District's briefs, the District intends to rely on the following additional points at the upcoming hearing.

3. The hours claimed by attorney Robert A. Levy, 595.6 hours, should be disallowed in their entirety, as Mr. Levy acted both formally and effectively as a client in this matter. *Cf. Kay v. Ehrler*, 499 U.S. 432 (1991) (*pro se* litigant who was also an attorney could not recover fees). Inasmuch as the District's opposition asserts that Mr. Levy should be billed at a rate of $315/hour and that certain hours claimed by Mr. Levy should be disallowed *in toto* or reduced, disallowance of all of his hours would result in a further reduction of $118,408.50 from the award proposed by the District in its opposition.

4. The hours claimed by attorney Levy for travel—77 hours total—were not reasonably necessary and should be disallowed in their entirety. If Mr. Levy's hours are disallowed *in toto*, *see* paragraph 3, then this point would not result in any additional reductions. If, however, his hours are allowed, given the District's originally proposed rate for his travel time (50 percent off a rate of $315), disallowance of these travel hours would result in a further reduction of $12,757.50.

5. For the same reasons, the travel expenses claimed by attorney Levy likewise should be disallowed *in toto*. He also should not be permitted to claim fees paid to other attorneys for which no records are provided as "expenses." These reductions would leave the total expenses as $807.76.

6. The hours claimed for work performed before any of the plaintiffs in the lawsuit were involved should also be disallowed in their entirety. The records of plaintiff's counsel show that counsel were still discussing possible plaintiffs in January 2003, in advance of the February 10, 2003, date of the filing of the complaint. Nonetheless, for ease of calculation, the District assumes January 1, 2003, as the date when the plaintiffs were finalized. Attorney Gura claims 8.8 hours for work done in 2002, Attorney Neily claims

88.6 hours, and Attorney Healy claims 9.2 hours, for a total of 106.6 hours. Disallowance of these hours would result in a reduction of $44,772.00 from the award proposed by the District in its opposition. In addition, Attorney Levy claims 46.1 hours for that period. If his hours are not disallowed entirely, this point would require an additional reduction of $14,521.50 (*i.e.*, $315/hour X 46.1 hours).

7. The hours claimed by plaintiff's counsel Laura Possessky, 18 hours, should be disallowed in their entirety. Ms. Possessky's participation appears to have been confined to scheduling of and participation in a moot court involving the Georgetown University Supreme Court Institute very late in the case with no indication of why her involvement or presence was necessary. Disallowance of these hours would result in a reduction of $11,760.00 from the award proposed by the District in its opposition.[1]

8. The above-referenced adjustments *in toto* reduce counsel's base claim to $649,147.50 based on standard *Laffey* rates. Applying interest of 0.64% (the rate on the date of judgment, March 23, 2009), compounded since that date, gives a figure of $656,435.39 in fees and $816.83 in expenses.

The District reserves the right to supplement the notice but submits it now to give the plaintiffs the maximum available amount of time to prepare to respond to the additional points made herein.

DATE: November 2, 2010

Respectfully submitted,

PETER J. NICKLES
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

---

[1] The District had erroneously calculated its previous proposed award as based on Ms. Possessky's 28 hours of her work, instead of her actual claim of 18 hours. Thus, the District's proposed award would be $4,200 lower even apart from the issue identified in paragraph 7.

/s/ Ellen A. Efros
ELLEN A. EFROS, D.C. Bar No. 250746
Assistant Deputy Attorney General
Civil Litigation Division
Chief, Equity Section I
441 Fourth Street, N.W., 6th Floor South
Washington, D.C. 20001
Telephone: (202) 442-9886

/s/ Andrew J. Saindon
ANDREW J. SAINDON, D.C. Bar No. 456987
Assistant Attorney General
Equity I Section
441 Fourth Street, N.W., 6th Floor South
Washington, D.C. 20001
Telephone: (202) 724-6643
Facsimile: (202) 727-0431
andy.saindon@dc.gov