**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **DICK ANTHONY HELLER, et al.,** | ) | Case No. 03-CV-0213-EGS |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **DISTRICT OF COLUMBIA, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

**PLAINTIFF'S POST-HEARING BRIEF REGARDING ATTORNEY FEES AND COSTS**

Alan Gura (D.C. Bar No. 453449)
Gura & Possessky, PLLC
Robert A. Levy (D.C. Bar No. 447137)
Clark M. Neily III (D.C. Bar No. 475926)
101 N. Columbus Street, Suite 405
Alexandria, VA 22314
Phone: 703.835.9085
Fax:     703.997.7665
Attorneys for Plaintiff

Much of the December 13, 2010, hearing on the Plaintiff's motion for attorney fees concerned how to determine a reasonable hourly rate for the work performed by Mr. Heller's counsel. Recognizing there is no single perfect methodology, this brief will address that question by identifying three consistent themes from the relevant case law.

The first point is that courts in this District have applied—and continue to apply—the Defendants' "USAO" Laffey matrix in some cases and the Plaintiff's "Updated" Laffey matrix in others; neither is suitable for all cases, and which matrix to use depends on the specific circumstances of the given case. Second, the use of a matrix—any matrix—is only a "starting point" that may be supplemented with additional information. Finally, the terms "complex" and "complicated" tend to be used interchangeably in this context and without great precision. Judges seem to be guided more by their professional assessment of the nature and quality of the work performed than by particular labels used to describe it.

**1. The "Updated" Laffey matrix provides the appropriate starting point for this case.**

The theme that emerges from the case law in this District is that the "standard" or "USAO" Laffey matrix urged by the Defendants is appropriate for garden-variety federal court litigation, including, for example, cases under the Individuals with Disabilities Education Act (IDEA). *See Cox v. District of Columbia*, Civil Action No. 09-1720, 2010 WL 5018149, at *7-9 (D.D.C. Dec. 9, 2010) (Kessler, J.); *Jackson v. District of Columbia*, 696 F. Supp. 2d 97, 101-02 (D.D.C. 2010) (Urbina, J.); *DL v. District of Columbia*, 256 F.R.D. 239, 242-43 (D.D.C. 2009) (Lamberth, C.J.).

By contrast, where plaintiff's counsel have shown that the work they performed featured a "heightened" level of complexity, then use of the "updated" or "enhanced" Laffey matrix derived from the legal services index may be more appropriate. *See DL*, 256 F.R.D. at 243

(noting that the "plaintiffs' attorneys in this case have not justified the use of the enhanced *Laffey* matrix by showing the nature and complexity of the work"—but suggesting, by implication, that they might have done so); *Am. Lands Alliance v. Norton*, 525 F. Supp. 2d 135, 149-50 (D.D.C. 2007) (Walton, J.) (same); *cf. Salazar v. District of Columbia*, 123 F. Supp. 2d 8, 14 (D.D.C. 2000) (Kessler, J.) (noting that "[b]oth matrices"—meaning the USAO Laffey and the Updated Laffey based on Dr. Kavanaugh's methodology—"have been accepted in different cases," and concluding that "the updated *Laffey* matrix more accurately reflects prevailing rates for legal services in the D.C. community").

In choosing between the USAO matrix and the Updated matrix, it would be a mistake to simply count the number of cases in each column and conclude that the USAO matrix is more appropriate because it is used more often. To the contrary, it appears that the issue of which matrix to use is often not contested, and courts simply apply the nondisputed version. *Compare Smith v. District of Columbia*, 466 F. Supp. 2d 151, 156 (D.D.C. 2006) (Kessler, J.) (noting that "Defendant does not challenge use of the Updated *Laffey* Matrix") *with Friends of Animals v. Salazar*, 696 F. Supp. 2d 16, 20 (D.D.C. 2010) (Collyer, J.) (noting that "[t]he parties do not dispute that the appropriate rates for the calculation of attorney fees are found in the [USAO] Laffey Matrix"). Judge Kessler, for example, has applied the USAO Laffey in some cases (*e.g.*, *Cox v. District of Columbia*, 2010 WL 5018149, at *8) and the Updated Laffey in others (*e.g.*, *Smith*, 466 F. Supp. 2d at 156; *Salazar*, 123 F. Supp. 2d at 14-15), which is entirely consistent with the case law summarized above.

Though not as procedurally complex as, say, *Salazar v. District of Columbia*, this case was undeniably "complicated" in the relevant sense of the word. Indeed, one might well argue that any case that goes to the Supreme Court is, by definition, "complicated" given the

exceptional level of skill, knowledge, and sophistication required at that level of practice.  But this case was exceptionally complex even for a Supreme Court case, as evidenced in part by the record number of amicus briefs submitted (67), the extraordinary amount of historical data featured in the briefs and the opinions by Justices Scalia and Stevens, and the roster of elite Supreme Court practitioners brought in by the District to help defend the case, including Walter Dellinger, Tom Goldstein, Alan Morrison, and Robert Long.  Simply put, if any case merits use of the Updated Laffey matrix based on the "nature and complexity" of the work required to prevail, this one does.  *See DL*, 256 F.R.D. at 243; *Am. Lands Alliance*, 525 F. Supp. 2d at 150.

**2.  Courts may consider additional information beyond the fee matrix.**

Selecting the most appropriate matrix for the actual work performed is important, but it is also important to recognize that the matrix itself is only a "useful starting point for determining market rates in the District of Columbia, that can be supplemented with additional information." *Cobell v. Norton*, 407 F. Supp. 2d 140, 170 (D.D.C. 2005).  The Plaintiffs have offered a variety of supplemental data to support their hourly rate calculation, including *National Law Journal* surveys [Docs. 63-21, -22]; a declaration from former Wilmer Cutler and Skadden Arps attorney Robert Podgursky [Doc. 63-9]; and citations to fee awards in other complex cases from this jurisdiction.  *E.g.*, *Miller v. Holzmann*, 575 F. Supp. 2d 2, 56 (D.D.C. 2008) (Appendix I).  If the Court concludes that this case was, as the Defendants themselves have acknowledged, "uniquely important and complex" (Petitioners' Application to Extend Time to File a Petition for a Writ of Certiorari, No. 07-A51 (July 16, 2007) at 4), then both the decisions of this District and the Supreme Court's analysis in *Perdue* support close consideration of the Plaintiff's supplemental data in conjunction with the Updated Laffey matrix.  And while the USAO matrix tops out at rates typically exceeded by mid-level associates in the real world, the Updated Laffey matrix is

3

thoroughly consistent with rates reported from the marketplace.  Section 1988 calls for an award that reflects the *market's* valuation of the work performed—not the government's.

**3.  The nature and quality of the work matters more than the labels used to describe it.**

Finally, in view of the colloquy between the Court and counsel at this week's attorney-fee hearing, Plaintiff would note that subsequent research indicates the judges of this District do not appear to attach great significance to the distinction (if any) between "complex" and "complicated" in this context, and instead seem to use the words interchangeably.  *See, e.g.*, *Cox*, 2010 WL 5018149, at *8;  *Laborers Int'l Union of N. Am. v. Brand Energy Servs.*, LLC, Civil Action Nos. 09-620, 09-1128, 2010 WL 4260899, at *3 (D.D.C. Oct. 25, 2010).

Both sides have litigated this case with skill, vigor, and tenacity.  And whether one describes the case as "uniquely important and complex," as the Defendants have done, or "complicated"—as the representation of the Defendants by teams from three of the nation's most prestigious law firms would indicate—the quality of work required to match the Defendants' own efforts and successfully litigate this case cannot seriously be questioned.

## Conclusion

For the reasons cited above and in their previous filings, Plaintiff's counsel believe the circumstances of this case and the evidence provided in support of their fee petition call for application of the Updated Laffey matrix as a starting point.  Plaintiff's counsel respectfully request an award of attorney's fees that reflects this Court's assessment of how the market for legal services in Washington, D.C. would be expected to compensate work of the caliber they performed in this case. *E.g.*, *Perdue v. Kenny A.*, 130 S. Ct. 1662, 1674 (2010).

Dated:  December 17, 2010                                      Respectfully submitted,

                                                                                           Alan Gura (D.C. Bar No. 453449)

                Gura & Possessky, PLLC
                Robert A. Levy (D.C. Bar No. 447137)
                Clark M. Neily III (D.C. Bar No. 475926)
                101 N. Columbus Street, Suite 405
                Alexandria, VA 22314
                Phone: 703.835.9085
                Fax:    703.997.7665

                By:/s/ Clark M. Neily III
                Clark M. Neily III
                Attorneys for Plaintiff