IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DICK ANTHONY HELLER, et al.,   ) | Case No. 03-CV-0213-EGS |
| ) | |
| Plaintiffs,   ) | PLAINTIFF'S SUPPLEMENTAL |
| ) | MEMORANDUM |
| v.   ) | |
| ) | |
| DISTRICT OF COLUMBIA, et al.,   ) | |
| ) | |
| Defendants.   ) | |
| _____ ) | |

**PLAINTIFF'S SUPPLEMENTAL MEMORANDUM**

In 2008, Plaintiff's counsel submitted evidence supporting a market rate of $557/hour for 11-19 year attorneys, $494 for 8-10 year attorneys, and $285 for 1-3 year attorneys. Under the law as it then existed, counsel requested a 2.0 multiplier.

In 2010, Plaintiff's counsel submitted evidence supporting a market rate of $589/hour for 11-19 year attorneys, and $361 for 4-7 year attorneys. Pursuant to *Perdue* v. *Kenny A.*, 130 S. Ct. 1662 (2010), counsel abandoned the request for a multiplier and instead sought an adjustment of the base rates to $790 and $400, respectively.

Defendants have now revealed that their outside counsel's rate, in 2008, ranged from $640-$800/hour for 11-20 year attorneys, and $480/hour for 4-7 year attorneys. The rates proposed by Defendants for Plaintiff's counsel, $420 and $275 per hour—are within the absolute lowest 1-3 year range at the firms retained by Defendants. Indeed, the highest rate allowed by Defendants' version of the Laffey Matrix, $475, is less than what a fourth year associate would bill at any of their firms.

For ease of reference, the rate outlook is:

| | Plaintiff 2008 | Plaintiff 2010 | Plaintiff 2010+adj | Defendants 2008 | Defendants USAO |
|---|---|---|---|---|---|
| Years | | | | | |
| 11-19 | $559 | $589 | $790 | $640-$800 | $420 |
| 4-7 | $285[1] | $361 | $400 | $480 | $275 |
| 1-3 | | | | $255-$450 | |

Plaintiff need not belabor the point: the standard rates proposed by Plaintiff are *significantly below* the rates charged by Defendants' counsel, and their *Perdue*-adjusted rates are within the ranges charged by Defendants' counsel—if one considers Defendants' *2008* rates. Of course, while Plaintiffs would have been happy to recover 2008 rates in 2008, it is now 2011. *See Missouri* v. *Jenkins*, 491 U.S. 274, 283-84 (1989) (all hours brought forward to current rates to reflect time value of money); *Miller* v. *Holzmann*, 575 F. Supp. 2d 2, 20 (D.D.C. 2008) ("[p]aying counsel at historical, or even current, rates based on their experience levels when they performed the work would not achieve . . . equivalence."). And when this litigation is concluded, Plaintiff's supplemental request to recover the cost of enforcing Section 1988, *see* Plaintiff's Br., 6/18/2010 at 8 n.6; *Sierra Club* v. *E.P.A.*, 769 F.2d 796, 811 (D.C. Cir. 1985), will be at then-current rates as determined by the Court, not 2008 rates.

After reviewing Defendants' submission, Plaintiff's counsel requested that Defendants provide *current* 2011 rates for their outside counsel—which is the relevant time-frame for this fee petition according to controlling case law—rather than the outdated 2008 rates they provided to the Court, but Defendants refused to do so. Rather than seek to compel production of the relevant rates, Plaintiff would simply note that it is entirely fair to assume that the rates charged

---

[1]Thomas Huff was a 1-3 year attorney in 2008.

by Defendants' firm are higher today than they were in 2008—or else the Defendants would presumably have produced the current, relevant, 2011 rates. Assuming even a mere 1% increase each year for three years, compounded, Defendants' 11-19 year rates would now range from $659-$824, their 4-7 year rate would be $494—and their 1-3 year rates would range from $262-$463. In any event, Defendants' outdated 2008 rates suffice to make Plaintiff's point: Plaintiff's proposed rates reflect the market; Defendants' proposed rates are unrealistic.

Besides establishing the reasonableness of Plaintiff's proposed hourly rates—both standard and *Perdue*-adjusted—Defendants' rates are also instructive as to the reasonableness of Plaintiff's hours. Recall that Mr. Dellinger claimed O'Melveny and Myers wrote off "well over $1 million" in attorney time, over twice the usual cost of the firm's Supreme Court representation. Tony Mauro, "D.C. Battle Draws Top Guns," *Legal Times*, 2/18/08 (Exh. 11). Even assuming, unrealistically, that all of O'Melveny's hours came at Defendants' top 2008 rate ($950), that firm alone, one of three firms, not including the D.C. Attorney General's office, spent "well over" 1,052 hours—just during the Supreme Court phase of the case. That is extraordinarily high relative to Plaintiff's 3,270.2 hours for the entire litigation.

Dated: April 15, 2011              Respectfully submitted,

                                                            Alan Gura (D.C. Bar No. 453449)
                                                            Gura & Possessky, PLLC
                                                            Robert A. Levy (D.C. Bar No. 447137)
                                                            Clark M. Neily, III (D.C. Bar No. 475926)
                                                            101 N. Columbus Street, Suite 405
                                                            Alexandria, VA 22314
                                                           Phone: 703.835.9085/Fax:   703.997.7665

                                                By: /s/ Alan Gura
                                                           Alan Gura
                                                           Attorneys for Plaintiffs